# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| KMI ZEOLITE, INC, and ROBERT E. FORD, | Case no. 2:15-cv-02038-JCM-VCF |
| Plaintiffs, | Consolidated with |
| vs. | Case no. 2:16-cv-00046-JCM-PAL |
| UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.*, | **REPORT AND RECOMMENDATION** |
| Defendants. | |

  The Court previously granted Dan M. Winder, Esq. and Arnold Weinstock, Esq., Scott C. Dorman and the law office of Dan M. Winder, P.C.'s motion to withdraw as counsel for ABC Recycling Industries, Inc. ("ABC") and Robert Ford ("Ford"). (ECF No. 83). Because ABC has failed to obtain other counsel, the Court now recommends defaulting ABC.

  On August 31, 2017, the Court granted a motion to withdraw as counsel representing ABC and Ford. (ECF No. 83). The Court noted that corporations cannot represent themselves in federal cases and ordered that ABC "must retain counsel by October 2, 2017. Failure to comply with this order may result in a recommendation to the District Judge for sanctions, including case-dispositive sanctions." (*Id.* at 2). The Order was served on Ford, who has acted as ABC's representative in this case (*see* ECF No. 44). (ECF No. 85). ABC has failed to retain counsel.

  "Corporations and other unincorporated associations must appear in court through an attorney." *In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) (per curiam). ABC has no counsel in this case. In addition, "Courts have inherent power in the interest of the orderly administration of justice and under Rule 41(b), FRCP, to dismiss for disobedience of its orders." *In re "Santa Barbara Like It Is Today"*

*Copyright Infringement Litig.*, 94 F.R.D. 105, 108 (D. Nev. 1982). The Court ordered ABC to retain counsel, which it has failed to do.

Accordingly, and for good cause shown,

IT IS HEREBY RECOMMENDED that ABC be DEFAULTED in this case.

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. **Failure to comply with this Rule may result in dismissal of the action**. *See* LSR 2-2.

DATED this 11th day of December, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE