# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| KMI ZEOLITE, INC., et al., <br><br> Plaintiff(s), <br><br> v. <br><br> UNITED STATES DEPARTMENT OF THE INTERIOR, et al., <br><br> Defendant(s). | Case No.: 2:15-cv-02038-JCM-NJK <br><br> **Order** <br><br> [Docket No. 157] <br><br> **Report and Recommendation** <br><br> [Docket No. 153] |

Pending before the Court is Defendant Nye County's motion to enforce settlement agreement, filed on February 8, 2019. Docket No. 153. A response was not timely filed, resulting in the issuance of an order requiring ABC Recycling to file one. Docket No. 154. Thereafter, ABC Recycling filed a response. Docket No. 155. Nye County filed a reply. Docket No. 156.

Also pending before the Court is a motion for extension of time filed by Robert Ford, manager of ABC Recycling. Docket No. 157. Nye County filed a response. Docket No. 158.

**I.    ORDER RESOLVING MOTION FOR EXTENSION**

The Court will begin with Mr. Ford's motion for extension. Docket No. 157. That motion requests more time for Mr. Ford to respond to the motion to enforce settlement so that he can secure new counsel. Docket No. 157. It has now been nearly two months since the motion to enforce settlement was filed, and Mr. Ford has had ample opportunity to retain and substitute counsel in the interim. The Court declines to delay resolution of the instant matter further,

1

especially since there is no reason to believe that further delay will advance the presentation of any opposition on the merits. Accordingly, the motion for extension is **DENIED**.[1]

## II.    REPORT AND RECOMMENDATION TO ENFORCE SETTLEMENT AGREEMENT

The Court now turns to the motion to enforce settlement agreement. Docket No. 153. Federal courts have inherent authority to enforce settlement agreements in pending cases. *See, e.g., in re City Equities Anaheim, Ltd.*, 22 F.3d 954, 958 (9th Cir. 1994). The construction and enforcement of settlement agreements are governed by state law. *Jones v. McDaniel*, 717 F.3d 1062, 1067 (9th Cir. 2013). Nevada law requires an offer and acceptance, meeting of the minds, and consideration to constitute an enforceable contract. *May v. Anderson*, 121 Nev. 668, 672 (2005). That is the situation here. Indeed, the parties executed a complete, written settlement agreement that was signed by Mr. Ford as manager of ABC Recycling and by the Chair of the Nye County Board of County Commissioners. Docket No. 153 at 13.[2] Hence, there is an enforceable settlement agreement in this case.

The above settlement agreement provides that ABC Recycling shall immediately dismiss with prejudice all claims and counterclaims against Nye County upon the consummation of the road right-of-way easement. Docket No. 153 at 10 (section 5). Nye County represents that the easement has been recorded. *See id.* at 3; *see also id.* at 6 (affidavit). As such, dismissal of Nye County is appropriate at this time pursuant to the terms of the settlement agreement. Nonetheless, ABC Recycling resists dismissing Nye County at this time so that the dismissal can take place after later events occur involving other parties. Docket No. 155 at 3. ABC Recycling does not provide meaningful argument on this issue and points to no provision in the settlement agreement

---

[1] Mr. Ford also indicates that he is not the 100% owner of ABC Recycling. Docket No. 157. The Court will treat that as a merits-based argument against the motion to enforce settlement.

[2] Mr. Ford expressly represented in the agreement that he was fully authorized to enter that agreement on behalf of ABC Recycling. *See* Docket No. 153 at 13 (section 23). Mr. Ford now appears to be arguing that he lacked authority to enter that agreement because he is not a 100% owner of ABC Recycling. *See* Docket No. 157. Even accepting that fact as true, it makes no difference here given that Mr. Ford points to no legal authority that full ownership is required to bind an entity to a settlement agreement.

supporting its position. *See id.* The undersigned declines to ignore the clear language of the settlement agreement that dismissal is required upon consummation of the easement.

Accordingly, the undersigned **RECOMMENDS** that the motion to enforce settlement be **GRANTED** and that Nye County be **DISMISSED** with prejudice.

### III.   CONCLUSION

For the reasons discussed above, the Court **ORDERS** that the motion to extend time be **DENIED**. The undersigned further **RECOMMENDS** that the motion to enforce settlement be **GRANTED** and that Nye County be **DISMISSED** with prejudice.

IT IS SO ORDERED.

Dated: April 1, 2019

Nancy J. Koppe
United States Magistrate Judge

### NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).