UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

KMI ZEOLITE, INC. et al.,

                Plaintiff(s),

    v.

UNITED STATES DEPARTMENT OF THE INTERIOR, et al.,

                Defendant(s).

Case No. 2:15-CV-2038 JCM (NJK)

ORDER

Presently before the court is defendant Nye County's motion to enforce settlement. (ECF No. 153). Plaintiff ABC Recycling Industries, Inc. ("ABC") and Robert Ford (collectively "plaintiffs") have filed a response (ECF No. 155), to which Nye County replied (ECF No. 156).

Also before the court is Magistrate Judge Nancy J. Koppe's report and recommendation. (ECF No. 162). Plaintiffs have not filed an objection and the time to do so has passed.

## I.    FACTS

ABC initiated this quiet title action against Nye County and sixteen other defendants to determine the rightful owner of three tracts of real property located in Nye County. (ECF No. 55). In December 2018, plaintiffs and Nye County entered into a settlement agreement providing that ABC file a motion to dismiss Nye County with prejudice upon the consummation of a road right-of-way easement on the property. (ECF No. 153).

On December 28, 2018, plaintiffs and Nye County recorded the easement. *Id*. However, plaintiffs did not file a motion to dismiss Nye County with prejudice. Now, Nye County moves

to enforce the settlement agreement. *Id*. Magistrate Judge Koppe recommends granting Nye County's motion. (ECF No. 162).

## II. LEGAL STANDARD

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1).

Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made).

## III. DISCUSSION

Plaintiffs have not objected to the report and recommendation. Nevertheless, the court engages in a *de novo* review to determine whether to adopt the magistrate judge's findings.

Federal courts have inherent authority to enforce settlement agreements between parties in pending litigation. *In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 957 (9th Cir. 1994). When interpreting and enforcing settlement agreements, courts look to state law and corresponding principles. *Jones v. McDaniel*, 717 F.3d 1062, 1067 (9th Cir. 2013). In Nevada, a settlement agreement is an enforceable contract when there has been an offer and acceptance, meeting of the minds, and consideration. *May v. Anderson*, 121 Nev. 668, 672 (Nev. 2005).

The parties have executed a complete, written settlement agreement and have agreed to exchange adequate consideration. *See* (ECF No. 153). Therefore, the settlement agreement is an enforceable contract.

Nevada's longstanding policy is to interpret and enforce contracts based on the written language, reading words in their usual and ordinary meaning. *Ellison*, 993 P.2d at 1263; *Traffic Control Servs., Inc. v. United Rentals Nw., Inc.*, 87 P.3d 1054, 1059 (Nev. 2004). Section five of the agreement provides:

> Upon the consummation of the road right-of-way easement described herein, ABC shall immediately dismiss with prejudice all claims and counter claims asserted in the Consolidated Cases regarding consolidated case 2:15-cv-46-JCM-PAL (Quiet Title Suit) against COUNTY, with each of the Parties to bear its own costs and attorney's fees, except as otherwise stated in this Agreement.

(ECF No. 153). Under this provision, once the parties record the road right-of-way easement, ABC must file a motion to dismiss Nye County with prejudice. The remaining terms of the agreement do not contain language limiting or providing exceptions to plaintiffs' obligation. *See* (ECF No. 153).

Because the parties have already recorded the easement, plaintiffs' failure to file a motion to dismiss Nye County constitutes a breach of contract. Therefore, the court will adopt the magistrate judge's recommendation and enforce the settlement agreement in accordance with its terms.

## IV. CONCLUSION

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Magistrate Judge Koppe's report and recommendation (ECF No. 162) be, and the same hereby is, ADOPTED in its entirety.

IT IS FURTHER ORDERED that Nye County's motion to enforce settlement (ECF NO. 153) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that Nye County be, and the same hereby is, DISMISSED with prejudice.

DATED June 26, 2019.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 3 -