UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KMI ZEOLITE, INC. et al., | Case No. 2:15-CV-2038 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| UNITED STATES DEPARTMENT OF THE INTERIOR, et al., | |
| Defendant(s). | |

Presently before the court is the matter of *KMI Zeolite, Inc. v. United States Department of the Interior, et al.*, case number 2:15-cv-02038-JCM-NJK. On June 26, 2019, the court adopted Magistrate Judge Koppe's report and recommendation, granted Nye County's motion to enforce settlement, and dismissed defendant Nye County with prejudice. (ECF No. 175).

There is nothing pending before the court, but it appears that a variety of claims remain unresolved in this case. Since this court's order nearly a year ago, no party has filed any motions or otherwise acted to prosecute its respective claims.

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Although this rule only references dismissal upon defendant's motion, the Supreme Court in *Link v. Wabash R. Co.* held as follows:

> Neither the permissive language of the Rule—which merely authorizes a motion by the defendant—nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief. The authority of a court to

**James C. Mahan**
**U.S. District Judge**

> dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

*Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962).

The Supreme Court specifically affirmed "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Id.* at 630. Thus, Rule 41(b) authorizes district courts to sua sponte dismiss actions for failure to prosecute or to comply with court orders or the Rules. *Pagtalunan v. Galaza*, 291 F.3d 639, 640–43 (9th Cir. 2002);

This power is also codified in this court's local rules. Local Rule 41-1 provides that "[a]ll civil actions that have been pending in this court for more than 270 days without any proceeding of record having been taken may, after notice, be dismissed for want of prosecution by the court sua sponte or on the motion of an attorney or pro se party." LR 41-1.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the parties shall file a dispositive motion, stipulation to dismiss, or other appropriate motion within seven (7) days of this order.

IT IS FURTHER ORDERED that the parties shall—if they do not file a dispositive motion, stipulation to dismiss or other appropriate motion—file a status report and show cause why this matter should not be dismissed in its entirety within seven (7) days of this order.

DATED February 21, 2020.

_____
UNITED STATES DISTRICT JUDGE