UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KMI ZEOLITE, INC.,<br><br>       Plaintiff,<br><br>  v.<br><br>UNITED STATES DEPARTMENT of the INTERIOR, et al.,<br><br>       Defendants. | Case No. 2:15-cv-2038-JCM-NJK<br><br>**ORDER** |

Presently before the court is consolidated plaintiff ABC Recycling Industries, LLC's ("ABC") motion to void the parties' settlement and lift the stay in this case. (ECF No. 188). Fellow plaintiff KMI Zeolite, Inc. ("KMI"), third party defendant R.A.M.M. Corp. ("RAMM"), and federal defendants all filed responses in opposition (ECF Nos. 189, 190, and 191, respectively), to which ABC replied (ECF Nos. 192 and 193).

Also before the court is KMI, RAMM, and federal defendants' joint motion to request to continue the stay in this case. (ECF No. 194)

**I. Background**

This case involves an action initially filed on October 22, 2015, by Plaintiffs KMI and Robert Ford against federal defendants United States Department of the Interior. (ECF No. 1). After the initial case was filed, ABC filed a separate case in state court with an action seeking to quiet title to the same property against the federal defendant United States Department of Interior. Plaintiff KMI was not a party to the second action. On January 21, 2016, the federal defendant moved to consolidate the ABC case with the KMI case. (ECF No. 19). That motion

was granted on February 29, 2016.  (ECF No. 29).

On December 9, 2016, plaintiff ABC filed an amended complaint against the federal defendants.  (ECF No. 55).  Thereafter the parties in the consolidated cases entered into settlement discussions mediated by Magistrate Judge Cam Ferenbach.  On May 8, 2019, the parties reached a settlement agreement and the case was administratively stayed pending performance of the settlement agreement.  (ECF No. 174).

Since that time, plaintiff KMI, third party defendant RAMM, and the federal defendants (the "staying parties") submitted multiple joint motions and requests to continue the stay, (*see* ECF Nos. 179, 181, 183, and 185), to which no oppositions were ever filed.  Until now.

On the eve of the expiration of the court's most recent extension of the administrative stay, consolidated plaintiff ABC brought the instant motion to void the parties' settlement agreement and lift the stay of the case based on alleged undue delay in performance of the settlement agreement.  (ECF No. 188).

**II.   Discussion**

This consolidated action has a complex history stretching over 15 years.  The relevant facts are that ABC seeks to quiet title to the same property at issue in the original KMI action.  Since consolidation, however, ABC cannot move forward on its own action until the original KMI action is resolved.  ABC argues that "the longer the delay, the chances that evidence will be lost or memories will cloud" for its own litigation.  (ECF No. 192).  Therefore, ABC argues, the court should render the settlement agreement null and void, lift the stay, and allow the parties to resume litigation.

Public policy wisely encourages settlements and strongly favors enforcement of settlement agreements.  *McDermott, Inc. v. AmClyde,* 511 U.S. 202, 215 (1994).  Accordingly, courts construe settlement agreements in favor of enforcement.  *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989).  And courts will "not rewrite contract provisions that are otherwise unambiguous."  *Farmers Ins. Gr. V. Stonik*, 110 Nev. 64, 67 (1994).

Upon closer look at the record, the parties appear to be diligently working towards completion of the settlement agreement.  For example, per the terms of the agreement (*see*

ECF No. 188-1), the settlement amount of $605,000 has already been paid, and the administrative process to determine whether the property can be sold pursuant to statutory regulations has been initiated. (ECF No. 191 at 4).

The administrative process and the unexpected impact of the global pandemic appear to be the main culprits for the long delay. For instance, while the Nevada State Director approved the direct sale of the property in September 2020, that approval merely began a multi-step process that could take up to 32 months to complete, and includes requesting a formal survey (which can take approximately 18-24 months alone to complete), a national environmental policy act analysis, an endangered species act review, a national historic preservation act consultation, a tribal consultation, an appraisal, and finally the conducting of the sale. (*Id.*).

While this process seems extensive and complex, it does not appear to be dilatory. Pandemic-induced staffing shortages have further exacerbated delays within the relevant government agencies, which is beyond the control of the parties.

Importantly, the settlement agreement does not impose a specific timeline for this process to be completed. In fact, the agreement includes an explicit provision stipulating that the parties will stay proceedings "pending consummation" of the agreement. (ECF No. 188-1, § 3(a)) ("The Parties shall jointly request the court to stay the Consolidated Cases until the purchase described in Paragraph 2 and its subparagraphs has been consummated, or until this Agreement becomes null and void as provided herein.")

ABC concedes that the settlement agreement is a valid contract between the parties but argues that (a) it took the parties "well over two years…to obtain [Bureau of Land Management] approval of the sale settlement property," (b) "[t]hey do not appear to be any closer today than they were in May of 2019 of getting the requisite approval," and (c) "there is simply no end in sight." (ECF No. 188 at 5). Thus, in ABC's view, since it is "clear" the sale of the property will not be completed, the settlement agreement should be rendered null and void and the stay lifted. The court disagrees.

It is far from "clear" that a sale of the property will not be completed. By all accounts, the parties are proceeding in the order of required steps to consummate the provisions of the settlement agreement. ABC is bound by this agreement, which includes an absence of a performance timeline, and the court is not inclined to render it null and void simply because one party did not foresee how long it might take to perform the contract in full.

The federal defendants inform the court that it anticipates the necessary fieldwork for the formal survey of the property to be completed in the first quarter of calendar year 2022 and that the final survey will be approved and filed in Spring 2023, followed by an anticipated direct sale in spring or early summer 2023.

Therefore, the court DENIES consolidated plaintiff ABC's motion to void the settlement agreement and lift the stay and GRANTS the staying parties' joint motion to continue the stay in this case in order to allow for complete performance of the settlement agreement.

### III. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that consolidated plaintiff ABC's motion to void the settlement agreement and lift the stay in this case (ECF No. 188) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that KMI, RAMM, and federal defendants' joint motion to continue the stay in this case is GRANTED. This case shall remain administratively stayed until August 31, 2023.

IT IS FURTHER ORDERED that the parties shall file a motion to lift the stay and a notice of dismissal within 14 days of performance of the settlement agreement.

DATED THIS 31st day of May 2022.

JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE